IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MILTON R. WATKINS,
    Plaintiff,

vs.                                      Case No.:  3:08cv255/RV/EMT

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court upon a "Petition for Authorization of Attorney Fees" pursuant 42 U.S.C. § 406(b)(1) filed by Plaintiff's counsel, Byron A. Lassiter (hereinafter "Petitioner") (doc. 33), as well as a response thereto filed by Defendant Michael J. Astrue, Commissioner of the Social Security Administration (hereafter "Commissioner") (doc. 34). Petitioner seeks attorney's fees for services he provided in connection with Plaintiff's appeal of the Commissioner's final decision denying his claim for disability insurance benefits and Supplemental Security Income benefits (*see* doc. 33).

I.    BACKGROUND

        On or about June 10, 2008, Plaintiff hired Petitioner to pursue an appeal in this court (*see* doc. 33-4). Plaintiff signed a fee agreement with Petitioner in which he agreed to pay attorneys' fees equaling 25% of any accumulated past due benefits paid to him in the event of a successful prosecution of his claim (*id.*).[1] On June 19, 2008, Petitioner initiated the instant action by filing a complaint for judicial review of the Commissioner's final decision denying Plaintiff's claim for benefits (doc. 1). On October 8, 2008, Petitioner filed a memorandum in support of Plaintiff's

---

[1] Prior to signing this agreement with Petitioner, Plaintiff's claim for benefits had been denied initially, upon reconsideration by the Commissioner, and after a hearing before an Administrative Law Judge ("ALJ"); additionally, the Appeals Council had denied Plaintiff's request for review (*see, e.g.*, doc. 21 at 2).

complaint, and the Commissioner filed a responsive memorandum on December 22, 2008 (docs. 13, 18). On August 7, 2009, the undersigned issued a Report and Recommendation, recommending that Plaintiff's case be remanded for additional administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g) (*see* doc. 21).  On September 8, 2009, the district court adopted the Report and Recommendation and remanded Plaintiff's case (doc. 23).  Judgment was entered the same day (doc. 24).  Petitioner, not Plaintiff, was subsequently awarded fees in the amount of $3,233.90, pursuant to 28 U.S.C. § 2412 (the Equal Access to Justice Act ("EAJA")) (*see* docs. 31, 32).[2]

Following this court's remand of Plaintiff's case, an ALJ issued a fully favorable decision, which resulted in an award of past due benefits to Plaintiff and his son (*see* docs. 33 at 2–3; 33-2; 33-3).  More specifically, in a "Notice of Award" dated December 7, 2010, Plaintiff was informed that he is entitled to disability benefits commencing in June 2003 (doc. 33-2).  The Notice also states that the total amount of past due benefits is $72,196.00 and that 25% of that amount ($18,049.00) is being withheld from Plaintiff's award in anticipation of payment to his counsel (*id.*).  The Notice further advises that $6,000.00 of the amount withheld will be paid to Plaintiff's counsel (and Petitioner acknowledges that he has since received this amount (*see* doc. 33 at 3)) and that the balance ($12,049.00) is being withheld pursuant to § 406(b) as fees his counsel's representation in this court (*see* doc. 33-2).  The Notice of Award as to Plaintiff's son, dated February 28, 2011, states that the son is entitled to monthly child's benefits commencing in April 2009 (doc. 33-3 at 1).  The son's Notice also states that the total amount of his past due benefits is $4,117.00 and that $805.50 is being withheld from the son's award in anticipation of payment to his counsel (*id.*).  Thus, in the instant motion, Petitioner seeks an award of $12,854.50, the total amount of the remaining funds withheld from Plaintiff's award and the total amount of funds withheld from the son's award (12,049 + 805.5 = 12,854.5) (*see* doc. 33 at 3–4).  Petitioner notes he expended 19.3 hours in representing Plaintiff before this court (*see* doc. 33-1).  Finally, Petitioner acknowledges that he has previously received $3,233.90 in attorney's fees under the EAJA and that he has an obligation to refund the

---

[2] As this court is well aware, in this district in many instances prior to the decision in Astrue v. Ratliff, 130 S. Ct. 2521 (2010), EAJA awards were made payable directly to counsel, not the prevailing plaintiff.  Since Ratliff, however, the usual practice in this district is to direct payment of an EAJA award to the prevailing plaintiff.

Case No.:  3:08cv255/RV/EMT

EAJA award to Plaintiff if the instant motion is granted (as discussed more fully below) (*see* doc. 33 at 6–7).

II.     ANALYSIS

Attorneys handling Social Security proceedings may seek fees for their work under two different statutory provisions, the EAJA and 42 U.S.C. § 406.  The EAJA allows for an award of attorney fees against the United States when the party seeking fees is the prevailing party in a civil action brought against the United States.  28 U.S.C. § 2412.  Fees under the EAJA penalize the Commissioner for assuming an unjustified legal position and are paid out of Social Security Administration funds.  McGraw v. Barnhart, 450 F.3d 493, 497 (10th Cir. 2006).

Title 42 U.S.C. § 406 allows for recovery of attorney's fees for representation of individuals claiming Social Security benefits, both at the administrative level and in court.  "The statute deals with the administrative and judicial review stages discretely:  § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court."  Gisbrecht v. Barnhart, 535 U.S. 789, 794, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).  For representation of a benefits claimant at the administrative level, an attorney may file a fee agreement with the agency in advance of a ruling on the claim for benefits.  Section 406(a).  If the ruling on the benefits claim is favorable to the claimant, the agency will generally approve the fee agreement subject to a certain limitations.  Gisbrecht, 535 U.S. at 795.  For proceedings in court, when a judgment favorable to the benefits claimant is rendered, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past due benefits to which the claimant is entitled by reason of such judgment."  Section 406(b)(1)(A).  The fee is payable "out of, and not in addition to, the amount of [the] past due benefits."  *Id.*  Finally, although fees can be awarded under both the EAJA and § 406(b), Congress has precluded receipt of attorney fees for the same services provided under the EAJA and the Social Security Act.  *See* § 406(b)(1)(A).

In Gisbrecht, the Supreme Court held that the provision of § 406(b) that limits attorney fees to 25% of past due benefits was designed to control, and not to displace, contingency fee agreements that are within the statutory ceiling.  Gisbrecht, 535 U.S. at 808–09.  The Court concluded that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they

yield reasonable results in particular cases." *Id.* at 807.  Accordingly, within the "25 percent boundary" permitted by § 406(b), the "attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*  The Gisbrecht Court did not specifically define the factors that lower courts should consider when determining the reasonableness of a § 406(b) fee. It did, however, note with approval the approach of courts that have reduced an attorney's recovery based on the character of the attorney's representation and the results the representation achieved. *Id.* at 808 (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989)).  For example, if an attorney is responsible for delay, a reduction may be in order to prevent the attorney from profiting from the accumulation of benefits during the case's pendency.  *Id.* (citing Rodriguez v. Brown, 865 F.2d 739, 746 (6th Cir. 1989)).  In addition, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order."  *Id.* (citing Rodriguez and Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)).

Cases decided since Gisbrecht have generally been deferential to the terms of contingent fee contracts, accepting de facto hourly rates that exceed those for non-contingent fee cases. *See, e.g.*, Joslyn v. Barnhart, 389 F. Supp. 2d 454 (W.D.N.Y. 2005) (awarding de facto hourly rate of $891); McPeak v. Barnhart, 388 F. Supp. 2d 742 (S.D.W. Va. 2005) (approving $681); Hearn v. Barnhart, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) (approving $450); Boyd v. Barnhart, 2002 U.S. Dist. LEXIS 26690 (E.D.N.Y. 2002) (approving $455); Dodson v. Barnhart, 2002 U.S. Dist. LEXIS 27408 (W.D. Va. 2002) (approving $694); Coppett v. Barnhart, 242 F. Supp. 2d 1380 (S.D. Ga. 2002) (approving $350).  Additionally, the undersigned notes that cases in this District have resulted in similar awards. *See, e.g.*, Lambert v. Barnhart, Case No. 3:03cv302/RV/MD (approving $982 on September 5, 2006 (docs. 26, 27)); White v. Barnhart, 3:02cv78/LAC/MD  (approving $741.81 on February 9, 2005 (docs. 32, 33)).

In the instant case, Petitioner states—and the Commissioner does not dispute—that the amount he seeks does not exceed the maximum recovery permitted under the terms of § 406(b) and is consistent with the terms of the fee agreement between Plaintiff and Petitioner.  Moreover, Petitioner asserts, the amount he seeks to recover is reasonable even though it results in a de facto hourly rate of $976.93 (18854.5/19.3).  In support of his assertion, Petitioner notes that he spent nearly twenty hours litigating Plaintiff's case in this court and that his  efforts—which, the

undersigned notes, include filing a memorandum in support of Plaintiff's position—ultimately resulted in a favorable result for Plaintiff and his son.

III.   CONCLUSION

The undersigned, after making an independent determination (*see* Gisbrecht, 535 U.S. at 807), agrees with Petitioner and finds that the fee he seeks under Section 406(b) is reasonable. The fee requested by Petitioner is indeed the fee contemplated in the fee agreement between Plaintiff and Petitioner and, while high, is in line with other reported post-Gisbrecht decisions (including decisions in some cases where the Commissioner moved to remand prior to counsel's filing a memorandum). Moreover, there is no dispute as to whether the amount requested is within the statutory and contract-based maximum of 25% of past due benefits. Furthermore, there is no allegation of undue delay by Petitioner, and he has represented Plaintiff for some time, during which he assumed a risk that he would recover no fee for his services in this court. Additionally, the court cannot fault the character of the representation provided by Petitioner in this case, which ultimately led to a favorable disability determination by the Commissioner and resulted in an award to Plaintiff and his son. In short, the court is persuaded that Petitioner has met his burden of showing that his request for $12,854.50 in attorney's fees is reasonable. Therefore, Petitioner should be awarded $12,854.50 pursuant to Section 406(b), and the previously awarded EAJA fee in the amount of $3,233.90 should be refunded to Plaintiff.

Accordingly, it is respectfully **RECOMMENDED**:

1.     That the Petition for Authorization of Attorney Fees (doc. 33) be **GRANTED**.

2.     That Plaintiff's counsel, Byron A. Lassiter, be awarded attorney's fees in the amount of $12,854.50, to be paid out of the sums withheld by the Commissioner from Plaintiff's past due benefits and the past due benefits of Plaintiff's son.

3.     That upon receipt of attorney's fees in the amount of $12,854.50 pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel, Byron A. Lassiter, shall immediately refund to Plaintiff the previously awarded EAJA fee in the amount of $3,233.90.

At Pensacola, Florida, this 17th day of January 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**